IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MICHAEL A. SULLIVAN, | ) | 4:15CV3014 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| SARPY COUNTY JAIL, JEFF | ) | |
| DAVIS, Sheriff, GREG LONDON, | ) | |
| Captain, JUNE WESTLAND, Nurse, | ) | |
| PAMELA REINKE, Nurse, and | ) | |
| DOCTOR DREESEN, Jail Physician, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Plaintiff Michael Sullivan's ("Plaintiff") "Counter Motion to Strike" (Filing No. 10) and "Objection and Reply to Defendants['] Notice of Consent to Removal" (Filing No. 11). Plaintiff argues in his motions that removal of this case from state court to this court was improper. For the reasons that follow, the court finds removal to this court was proper.

## I.  BACKGROUND

Plaintiff commenced a cause of action under 42 U.S.C. § 1983 and state law in the District Court of Sarpy County, Nebraska ("state district court") on October 24, 2012. Defendant Pamela Reinke ("Reinke"), with the consent of the other properly-served Defendants, removed the case to this forum pursuant to 28 U.S.C. §§ 1441 and 1446 on February 5, 2015. (Filing No. 1.)

Reinke asserts in her notice of removal that on February 2, 2015, Plaintiff filed a pleading entitled "Verified Amended Petition-in-Complaint for Declaratory, Monetary and Equitable Relief" in the state district court proceedings, which added her and one other party—Dr. Dreessen—as defendants. She also asserts that she filed

her notice of removal within 30 days of receiving notice of being made party to this action. (*Id.* at CM/ECF p. 3.) Finally, the notice of removal provides that all named and properly served Defendants, including Reinke, are represented by the same defense counsel and consented to removal. (*Id.* at CM/ECF p. 5.)

Plaintiff opposed the removal notice with a "Counter Motion to Strike" (Filing No. 10) and "Objection and Reply to Defendants['] Notice of Consent to Removal" (Filing No. 11). Plaintiff argues removal is improper because, among other reasons, the notice is "dilatory, phlegmatic, and pretentious, and lacking the merit and prerequisites needed to overcome [28 U.S.C. §§ 1331, 1441, 1443, and 1445]." (Filing No. 11 at CM/ECF p. 1.) He also argues removal is improper because there is "pending litigation yet in the State District Court who [sic] acquired from the outset general and continuing jurisdiction, as a matter of law." (Filing No. 10 at CM/ECF p. 2.) Reinke argues removal is proper because later named and served defendants in a pending state court action have an independent right to remove within 30 days of being served if the existing defendants who have been served consent to such removal. (Filing No. 1 at CM/ECF p. 3.)

## II. DISCUSSION

### A.     Federal Subject Matter Jurisdiction

The court must determine whether jurisdictional grounds exist for removal of the case. Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." The plaintiff may challenge the removal by filing a motion to remand the action to state court. 28 U.S.C. § 1447(c). In cases removed to federal court, the defendant bears the burden of proving the court has jurisdiction, with all doubts as to the propriety of

2

exercising federal jurisdiction resolved in favor of remand. *Central Iowa Power Co-op. v. Midwest Independent Transmission System Operator, Inc.*, 561 F.3d 904, 912 (8th Cir. 2009).

In this case, there is no question federal subject matter jurisdiction exists and removal was permissible. Plaintiff's claims are based extensively on 42 U.S.C. § 1983 and the Eighth and Fourteenth Amendments to the Constitution of the United States. Such claims clearly implicate federal subject matter jurisdiction. Proper grounds for removal were present.

**B.     Timeliness of Removal**

Under 28 U.S.C. § 1446, a defendant seeking to remove a civil action to federal court must file a notice of removal. "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). Such notice may also be filed "within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." *Id.* Section 1446(b)(2)(C) provides that "[i]f defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal."

In this case, there is no question that Reinke, a newly-added defendant, filed a notice of removal within 30 days of being made a party to this suit, and that existing defendants who have been served consented to removal. Having obtained the consent of the existing defendants who have been served, Reinke was entitled to remove this action to this forum.

IT IS THEREFORE ORDERED that:

1. Plaintiff's "Counter Motion to Strike" (Filing No. 10) and "Objection and Reply to Defendants['] Notice of Consent to Removal" (Filing No. 11) are denied to the extent they seek remand of this case to the state district court.

2. Defendants' Motion to Strike or Motion to Dismiss (Filing No. 5) remains pending.

DATED this 8th day of April, 2015.

BY THE COURT:

*s/ John M. Gerrard*
United States District Judge

---

\*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.