IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MICHAEL A. SULLIVAN, | ) | 4:15CV3014 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| SARPY COUNTY JAIL, JEFF DAVIS, Sheriff, GREG LONDON, Captain, JUNE WESTLAND, Nurse, PAMELA REINKE, Nurse, and DOCTOR DREESEN, Jail Physician, | ) ) ) ) ) ) | |
| Defendants. | ) | |

This matter is before the court on Defendants' Motion to Strike or Dismiss (Filing No. 5) and Plaintiff's Motion for Remand and Appointment of Counsel (Filing No. 15). For the reasons explained below, Defendants' Motion to Strike or Dismiss will be granted. Plaintiff's Motion for Remand and Appointment of Counsel will be denied.

## I. BACKGROUND

On October 24, 2012, Plaintiff filed suit in the District Court of Sarpy County, Nebraska ("state district court"), naming "Sarpy County Jail, Jeff Davis, Sheriff, Greg London, Jail Captain, June Westland, Nurse," and "Unknown and Unnamed Sarpy County Jail Employee" as the defendants. (Filing No. 1-1.) Plaintiff's Complaint alleged that while he was incarcerated in the Sarpy County Jail, the defendants deprived him of proper medical care. The Complaint asserted state law claims for negligence, medical malpractice and infliction of emotional distress (collectively "state law claims"), as well as a federal claim under 42 U.S.C. § 1983. The Complaint stated that the claims were brought against Greg London ("London"), Jeff Davis ("Davis"), and June Westland ("Westland") in both their individual and official

capacities. These defendants were subsequently served with process, but only in their individual capacities.

On June 21, 2013, the state district court issued an order on an amended motion for summary judgment filed by London, Davis, and Westland. (Filing No. 1-2.) The state district court dismissed the official capacity claims brought against London, Davis, and Westland, finding that those defendants had not been properly served in their official capacities. The state district court also dismissed the state law claims against London, Davis, and Westland, concluding that Plaintiff failed to file his Complaint within the time required by the Political Subdivisions Tort Claims Act, Neb. Rev. Stat. §§ 13-901-928. With respect to the state law claims, the state district court also found that Plaintiff had failed to satisfy the preconditions of suit for a medical malpractice claim under Neb. Rev. Stat. § 44-2840, and could not sue London and Davis for malpractice because they were not personally involved in Plaintiff's medical treatment. Further, the court concluded that Plaintiff failed to plead a cognizable claim for intentional infliction of emotional distress. Therefore, following the state district court's ruling on the summary judgment motion, the only surviving claims were those brought pursuant to § 1983 against London, Davis, and Westland in their individual capacities.

Thereafter, Plaintiff moved to amend his Complaint to add Pamela Reinke ("Reinke") and "Dr. Dreesen" as defendants. Plaintiff did not attach a proposed amended complaint to his motion. However, on January 2, 2015, the state district court granted Plaintiff's motion to amend and gave Plaintiff 21 days to file his amended complaint. (Filing No. 1-3.)

Plaintiff filed his "Verified Amended Petition-In-Complaint for Declaratory, Monetary and Equitable Relief" ("Amended Complaint") on February 2, 2015. (Filing No. 1-5.) The Amended Complaint substantially revises the original Complaint. Not only does the Amended Complaint add Reinke and Dr. Dreesen as defendants, but it also reasserts the official capacity and state law claims against

Davis, London, and Westland that were previously dismissed by the state district court.

On February 5, 2015, Reinke entered a voluntary appearance in her individual capacity only, waiving issuance and service of summons upon her. (Filing No. 1-6.) She removed the action to this court on February 5, 2015. (Filing No. 1.) Plaintiff subsequently sought to remand this action back to state court, but Plaintiff' request for remand was denied. (Filing No. 13.)

## II.  DISCUSSION

### A.  Motion to Strike or Dismiss

Reinke seeks to have all claims asserted against her dismissed. Davis, London, and Westland ask that the Court strike or dismiss the previously-dismissed claims from the Amended Complaint, and essentially return the case to where it stood before Plaintiff filed his Amended Complaint.

#### 1.  Official Capacity and State Law Claims Against Davis, London, and Westland

The state district court granted Plaintiff leave to add Pamela Reinke and Dr. Dreesen as defendants. However, Plaintiff's amended pleading goes far beyond the scope of the state district court's order. Not only does Plaintiff add Reinke and Dr. Dreesen as defendants, but he also reasserts the official capacity and state law claims against Davis, London, and Westland. Because Plaintiff exceeded the scope of the state district court's order granting him limited leave to amend his Complaint, dismissal of the official capacity and state law claims against Davis, London, and Westland is appropriate. See *Goade v. Vollrath*, 81 F. Supp. 971, 973 (W.D. Mo. 1948) ("The transfer of a suit from a State court to the Federal court, by way of removal proceedings, does not vacate or nullify what has been done in the State court

3

prior to filing the removal papers . . . The District Court takes the case up where the State Court left off and the Federal Court, must, as far as possible, recognize and give effect to regularity of proceedings had in the State Court").

Moreover, dismissal of Plaintiff's official capacity and state law claims remains proper for the reasons previously outlined by the state district court. Plaintiff still has not properly served Davis, London, and Westland in their official capacities. As explained by the state district court, in order to sue county employees in their official capacities, service must be made upon the county. (Filing No. 1-2.) *See Holmstedt v. York Cnty. Jail Supervisor, 745 N.W.2d 317 (Neb. 2008)*. Plaintiff has not complied with this requirement. Additionally, as found by the state district court, Plaintiff's state law claims against Davis, London, and Westland are barred by the Political Subdivisions Tort Claims Act's limitations period.

Also, because Sarpy County has not been served or named as a defendant in this suit, Sarpy County Jail must also be dismissed from the case. Plaintiff's suit should not have been brought against the jail, but rather should have been brought "in the proper name of the county." *Holmstedt v. York Cnty. Jail Supervisor, 739 N.W.2d 449, 461 (Neb. Ct. App. 2007), rev'd on other grounds*, 745 N.W.2d 317 (Neb. 2008). *See also Meyer v. Lincoln Police Dept, 347 F. Supp.2d 706 (D. Neb. 2004)* (holding that the Lincoln Police Department is an agency of the City of Lincoln and has no separate legal status under Nebraska law). Sarpy County Jail is not a proper defendant in this suit.

    **2.    Official and Individual Capacity Claims against Reinke**

Like Davis, London, and Westland, Reinke has not been served in her official capacity. Although Reinke signed a voluntary appearance and waiver of service, she did so in her individual capacity only. Therefore, the official capacity claims against Reinke will be dismissed.

The claims against Reinke in her individual capacity will likewise be dismissed. Plaintiff asserts a claim for intentional infliction of emotional distress against Reinke in her individual capacity. As found by the state district court, Plaintiff failed to file his original Complaint within the two-year time frame required by the Political Subdivision Tort Claims Act. *See Bojanski v. Foley*, 798 N.W.2d 134, 143 (Neb. Ct. App. 2011) (stating that requirements of the Political Subdivisions Tort Claims Act apply where an individual is sued in his or her individual capacity, but is performing duties within the scope of employment). Therefore, like Plaintiff's state law claims against Davis, London, and Westland, Plaintiff's intentional infliction of emotional distress claim against Reinke is time barred.[1]

Plaintiff's claim under 42 U.S.C. § 1983 against Reinke in her individual capacity is also precluded. The statute of limitations for Plaintiff's § 1983 claim alleging he received improper medical care while at the Sarpy County Jail runs four years from the date his claim accrued. The statute of limitations expired no later than March 16, 2014, which is four years from the date he left the Sarpy County Jail facility. Plaintiff's Amended Complaint naming Reinke as a party was filed on February 2, 2015, clearly outside the limitations period. Plaintiff has not identified any basis for tolling the statute of limitations.

Additionally, to the extent that Plaintiff argues that his action is not time barred because he intended to sue Reinke by naming "Unknown and Unnamed Sarpy County Jail Employee" as a defendant in the initial Complaint, such argument fails. Plaintiff's claims against Reinke do not "relate back" to the filing of the original Complaint. Under Nebraska law, an action is deemed dismissed as to any defendant not served within six months from the date the complaint was filed. Neb. Rev. Stat. § 25-217. Reinke was not served within this six-month window. Therefore, even if Reinke was

---

[1] It is unclear whether Plaintiff is asserting state law claims of negligence and medical malpractice against Reinke. To the extent Plaintiff is attempting to do so, dismissal of those claims is appropriate as they are also untimely.

5

identified as "Unknown Sarpy County Jail Employee" in the original Complaint, she was dismissed by operation of law on April 24, 2013, and was not named (or re-named) as a defendant until February 2, 2015, well after the statute of limitations had run. Also, Plaintiff has not even alleged that Reinke, before the running of the statute of limitations, knew or should have known that the suit would have been brought against her, but for a mistake concerning the identity of the proper party, as is required for relation back under Nebraska state law. Neb. Rev. Stat. § 25-201.02.

Moreover, the Eighth Circuit Court of Appeals recently held that in order for an amended pleading to "relate back" under Fed. R. Civ. P. 15(c), "the newly added defendant must have had notice of the suit within 120 days of filing the original complaint" and must have known that, but for a mistake concerning identity, should have been named as a defendant in the original complaint. *Lee v. Airgas Mid-South, Inc.*, No. 14-3081, 2015 WL 4286405, *3 (8th Cir. July 16, 2015). Again, Plaintiff has not alleged or shown that Reinke had knowledge of the suit within the time required for service of the original Complaint, nor has Plaintiff alleged or shown that Reinke should have known that she was the "Unknown Sarpy County Jail Employee" named in the original Complaint. Therefore, Plaintiff's § 1983 claim against Reinke will be dismissed.

### 3. Claims against Dr. Dreesen

Plaintiff's claims against Dr. Dreesen will also be dismissed. The Amended Complaint was filed on February 2, 2015, and the suit was removed to this court on February 5, 2015. To date, Dr. Dreesen has not been served, nor has summons been requested. Pursuant to Fed. R. Civ. P. 4, service must be accomplished within 120 days after the complaint is filed. This time period has long expired. It does not appear that Plaintiff has made any effort to serve Dr. Dreesen and Plaintiff has not offered any reason why he has not done so. Moreover, and in any event, it is apparent from the face of the Amended Complaint that dismissal of the claims against Dr. Dreesen is proper for the same reasons that those against Reinke have been dismissed.

6

**B.     Motion to Remand and for Appointment of Counsel**

In an order dated April 8, 2015 (Filing No. 13), the court denied a motion to remand filed by Plaintiff, finding that this court has subject matter jurisdiction over the action and that removal was timely.  Nothing has changed since the court issued its previous order and the ruling will not be reconsidered.  Therefore, Plaintiff's renewed request for remand will be denied.

Plaintiff's request for appointment of counsel will likewise be denied.  The court cannot routinely appoint counsel in civil cases.  In *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996), the Eighth Circuit Court of Appeals explained that "[i]ndigent civil litigants do not have a constitutional or statutory right to appointed counsel.  The trial court has broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel[.]" *Id*. (internal citation and quotation marks omitted).  No such benefit is apparent here at this time.  Thus, the request for the appointment of counsel will be denied without prejudice to reassertion.

IT IS THEREFORE ORDERED that:

1.     Defendants' Motion to Strike or Dismiss (Filing No. 5) is granted.

2.     Plaintiff's claims against the Sarpy County Jail, Pamela Reinke and Dr. Dreesen are dismissed in their entirety.  Plaintiff's official capacity and state law claims against London, Davis, and Westland are dismissed.  The sole remaining claims in this case are the § 1983 claims asserted against London, Davis, and Westland in their individual capacities.

3.     Plaintiff's Motion for Remand and Appointment of Counsel (Filing No. 15) is denied.  To the extent the motion seeks the appointment of counsel, it is denied without prejudice to reassertion.

DATED September 1, 2015.

BY THE COURT:

*s/ John M. Gerrard*
United States District Judge

---

\*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.